IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VICTOR R. BRADLEY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SCOTT CROWTHER, RICHARD GARDEN, DOE PRISON MEDICAL PROVIDERS (1-10), DOE DIALYSIS TECHNICIANS (11-12), ARSALAN HABIB, DOE UNIVERSITY OF UTAH HEALTHCARE MEDICAL PROVIDERS (13-20),<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT ARSALAN HABIB'S MOTION TO DISMISS<br><br>Case No. 2:17-CV-93 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Dr. Arsalan Habib's Motion to Dismiss. For the reasons set forth below, the Court will grant the Motion, but will do so without prejudice.

I. BACKGROUND

　　　　The relevant facts alleged in the Complaint are as follows. Plaintiff Victor R. Bradley ("Plaintiff") pleaded guilty to a first degree felony in 1984 and was subsequently placed at Utah State Prison ("USP") where he is currently an inmate. Plaintiff began receiving dialysis treatments at some point during his incarceration at USP. These dialysis treatments are critical to Plaintiff's health.

　　　　University of Utah Healthcare, through South Valley Dialysis, provides dialysis treatments to USP inmates and detainees pursuant to a contract with USP. A dialysis technician working for South Valley Dialysis was originally scheduled to administer dialysis treatments at USP on April 3, 2015, and April 4, 2015. However, a second dialysis technician agreed to switch

shifts with the first technician and therefore became responsible for administering dialysis treatments at the prison on those dates. The technicians noted the change on a communications log at USP, however, neither technician appeared at the prison to administer treatment on either April 3, 2015, or April 4, 2015. As a result, Plaintiff did not receive his scheduled dialysis treatments. This deprivation caused Plaintiff to suffer three strokes and a heart attack.

Defendant Dr. Arsalan Habib ("Defendant") is the medical director for South Valley Dialysis. Plaintiff has brought four claims against Defendant, among others, under 42 U.S.C. § 1983 for violations of the Eighth and/or Fourteenth Amendments to the United States Constitution and violation of the Constitution of the State of Utah. Defendant moves to dismiss these claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

### III. ANALYSIS

#### A. CLAIMS UNDER THE CONSTITUTION OF THE UNITED STATES

Plaintiff's first three claims are as follows: (1) violation of the Eighth and/or Fourteenth Amendments to the U.S. Constitution; (2) failure to train and/or supervise in violation of the Eighth and/or Fourteenth Amendments to the U.S. Constitution; and (3) unlawful custom, policy or practice in violation of the Eighth and/or Fourteenth Amendments to the U.S. Constitution. The parties appear to dispute whether Plaintiff's claims should be analyzed under the Eighth or the Fourteenth Amendments.

"[W]here constitutional protection is afforded under specific constitutional provisions, alleged violations of the protection should be analyzed under those provisions and not under the

---

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

more generalized provisions of substantive due process."[7] The Supreme Court has held that "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners."[8] More specifically, the Supreme Court has held:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.[9]

Plaintiff's claims will therefore be reviewed under the standards of the Eighth Amendment.[10]

To state a cognizable Eighth Amendment claim [for denial of necessary medical treatment], a prisoner 'must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'"[11] "'Deliberate indifference' involves both an objective and a subjective component. The objective component is met if the deprivation is 'sufficiently serious.' . . . The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'"[12] "[A]ccidental or inadvertent failure to provide

---

[7] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

[8] *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

[9] *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

[10] *See Riddle*, 83 F.3d at 1202 (finding plaintiffs' claims that they were being denied necessary medical care in violation of both the Eighth and Fourteenth Amendment would be reviewed "under the Eighth Amendment as made applicable to the states through the Fourteenth Amendment").

[11] *Id.* at 1203 (quoting *Estelle*, 429 U.S. at 106).

[12] *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

4

adequate medical care, or negligent diagnosis or treatment of a mental condition do not constitute a medical wrong under the Eighth Amendment."[13]

While it does not appear to be in dispute that Plaintiff suffered a serious deprivation of a medical need in satisfaction of the objective component, Plaintiff has failed to assert any facts supporting the subjective component. Specifically, Plaintiff has not alleged that Defendant knew that Plaintiff was not receiving adequate medical care and chose not to take action to timely correct the deprivation. Without any allegations supporting that Defendant had a culpable state of mind, Plaintiff cannot support any of his three claims against Defendant under the Eighth Amendment. The Court will therefore dismiss Plaintiff's first, second, and third causes of action under the Eighth Amendment.

Defendant argues that each of Plaintiff's claims against him should be dismissed with prejudice. "[D]ismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. Therefore, a complaint that omits certain essential facts and thus fails to state a claim warrants dismissal pursuant to Rule 12(b)(6) but not dismissal with prejudice."[14] The argued reasons for dismissal relate only to the insufficiency of Plaintiff's pleadings. Defendant has not pointed to any authority supporting that Plaintiff's claims against him must fail even if properly pleaded. The Court therefore declines to dismiss Plaintiff's claims with prejudice.

---

[13] *Riddle*, 83 F.3d at 1203 (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)).

[14] *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (internal citations and quotation marks omitted); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

Defendant also argues he is entitled to qualified immunity. "When a defendant raises a qualified immunity defense, the court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the violation."[15] As discussed, Plaintiff has not adequately pleaded his Eighth Amendment claims against Defendant. However, Plaintiff may attempt to amend his Complaint to include facts supporting a constitutional violation by Defendant. The Court will therefore not decide the issue of qualified immunity at this time.[16]

B. UTAH CONSTITUTION CLAIM

Lastly, Plaintiff brings a claim against Defendant for violation of the Due Process Clause of the Utah Constitution, which states, "[n]o person shall be deprived of life, liberty or property, without due process of law."[17] Plaintiff argues that Defendant, among others, violated his due process by "exibit[ing] a shocking degree of deliberate indifference and reckless disregard for the serious and evident medical needs of [Plaintiff]."[18]

---

[15] *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

[16] *See Larson v. Snow Coll.*, 189 F. Supp. 2d 1286, 1300 (D. Utah 2000) (deferring consideration of qualified immunity defense where the court granted plaintiff leave to amend her constitutional violations claims); *see also Bills v. City of Okla. City, Okla.*, No. CIV-09-00974-D, 2010 WL 3604430, at *6 (W.D. Okla. Sept. 10, 2010) (unpublished) ("Whether Citty is entitled to qualified immunity should not, however, be based on the Court's speculation regarding Plaintiff's theory of relief. Because the Court has authorized Plaintiff to amend to state an individual capacity claim against Citty, it cannot determine the issue of qualified immunity with certainty at this time."); *Miller v. Spiers*, 434 F. Supp. 2d 1064, 1069 (D.N.M. 2006) ("Since Plaintiff has moved to again amend his complaint, the Court will postpone further analysis of qualified immunity until the pleadings are conformed to the requirements of this opinion."); *Dockery v. Unified Sch. Dist. No. 231*, 382 F. Supp. 2d 1234, 1242 (D. Kan. 2005) (allowing Plaintiff leave to amend his complaint before making determination of whether defendant was entitled to qualified immunity).

[17] Utah Const. art. I, § 7.

[18] Docket No. 2, at 15.

6

"Damages are recoverable for violations of the Utah Constitution only if the provision violated is (1) self-executing[;] (2) the plaintiff suffered a flagrant violation of constitutional rights; (3) existing remedies do not redress the plaintiff's injuries; and (4) equitable relief was and is wholly inadequate to protect the plaintiff's rights or redress the plaintiff's injuries."[19]

Plaintiff has not alleged that alternative remedies are available to redress his injuries, nor has Plaintiff pleaded specific facts to support that Defendant caused him to suffer a flagrant violation of his constitutional rights. To meet the flagrant violation element, Plaintiff must show that "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."[20] As discussed, Plaintiff has not alleged any facts suggesting that Defendant had any knowledge of Plaintiff's deprivation or that he was otherwise aware that his actions or inactions violated Defendant's constitutional rights.

Further, Plaintiff did not oppose the arguments set forth in Defendant's Motion seeking dismissal of Plaintiff's claim under the Utah Constitution. Plaintiff's fourth cause of action will therefore be dismissed.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 11) is GRANTED. Plaintiff is allowed thirty (30) days to amend his Complaint.

---

[19] *Cavanaugh v. Woods Cross City*, No. 1:08-CV-32-TC-BCW, 2009 WL 4981591, at *6 (D. Utah Dec. 14, 2009) (unpublished), *aff'd,* 625 F.3d 661 (10th Cir. 2010) (citing *Spackman ex rel. Spackman v. Bd. of Educ.,* 2000 UT 87, ¶¶ 7, 23–25).

[20] *Spackman ex rel. Spackman*, 2000 UT 87, ¶ 23 (quoting *Anderson v. Creighton*, 483 U.S. 635, 639–40 (1987)).

DATED this 17th day of July, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge